Shaw v Friedly (2018 NY Slip Op 08791)





Shaw v Friedly


2018 NY Slip Op 08791


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND TROUTMAN, JJ.


1086 CA 17-02159

[*1]LaPorsha Shaw, PLAINTIFF-APPELLANT,
v
BARBARA FRIEDLY, DEFENDANT-RESPONDENT, ET AL., DEFENDANT. (APPEAL NO. 2.) 






BROWN HUTCHINSON LLP, ROCHESTER (KIMBERLY CAMPBELL OF COUNSEL), FOR PLAINTIFF-APPELLANT.
LAW OFFICE OF JOHN TROP, ROCHESTER (KEVIN MATHEWSON OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Renee Forgensi Minarik, A.J.), entered October 25, 2017. The order denied the motion of plaintiff for leave to reargue or renew. 
It is hereby ORDERED that said appeal from the order insofar as it denied leave to reargue is unanimously dismissed and the order is affirmed without costs.
Memorandum: In this premises liability action, plaintiff moved for leave to reargue and renew her opposition to the motion of Barbara Friedly (defendant) for summary judgment dismissing the complaint against her. We dismiss the appeal from that part of the order denying leave to reargue (see Empire Ins. Co. v Food City , 167 AD2d 983, 984 [4th Dept 1990]) and affirm that part of the order denying leave to renew for reasons stated in the decision at Supreme Court. We add only that, even assuming, arguendo, that plaintiff submitted new facts that could raise a triable issue of fact whether defendant was an out-of-possession landlord at the time of plaintiff's accident, we conclude that the motion insofar as it sought leave to renew was properly denied. Those new facts, which had not been submitted in opposition to defendant's prior motion, "would [not] change the prior determination" because the court also granted that motion on the ground that defendant neither created the dangerous condition nor had actual or constructive notice of it (CPLR 2221 [e] [2]).
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court